IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DRAFT NOT FOR PUBLICATION

| RICHARD ISAACS, | Civil Action No. 2:11-CV-04890-ES-SCM |
| Plaintiff, | |
| v. | **OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS** |
| QUALITY AUTO CENTER, INC., | |
| Defendants. | **[D.E. 34]** |

## I. INTRODUCTION

Pending before the Court is defendants Quality Auto Center, Inc. and Kamlesh C. Shah's ("Defendants") motion for sanctions against plaintiff Richard Isaacs ("Isaacs" or "Plaintiff") for attorney's fees and costs. (D.E. 34). Plaintiff opposes the motion. (D.E. 36). The Court has considered the parties' submissions pursuant to Federal Rule of Civil Procedure 78(b), and for the reasons set forth below denies Defendants' motion.

## II. BACKGROUND

This matter was filed on August 24, 2011. (D.E. 1, Complaint). Plaintiff alleged violations of the State and Federal Wage and Hour Laws on behalf of himself and others alleged to be similarly situated. Defendants answered the Complaint. (D.E.s 3, Answer and 5, Amended Answer).

1

After several discovery disputes, defendants moved for sanctions, including dismissal, attorneys' fees, and costs imposed against plaintiff Isaacs for failure to comply with orders of the Court. (D.E. 18, Motion for Sanctions). Plaintiff opposed. (D.E. 19). The parties subsequently agreed to a consent order that dismissed the class action claims with prejudice and preserved defendants' rights to seek fees and costs. (D.E. 33, Consent Order). Defendant then filed this motion. (D.E. 34).

III. **DISCUSSION**

"[D]istrict courts have broad authority to preserve and protect their essential functions." *Republic of Philippines v. Westinghous Electric Corp.*, 43 F.3d 65, 73 (3d Cir. 1994). The Federal Rules of Civil Procedure provide several tools that allow district courts to sanction parties or attorneys "who fail to meet minimum standards of conduct in many different contexts." Id. (citing e.g. Fed.R.Civ.P 11 (groundless pleadings and other papers); 16(f)(failing to abide by pre-trial orders); 26(g), 30(g), 37(d), and 37(g)(discovery abuses), 41(b) (involuntary dismissal for failure to prosecute, failure to obey court order or follow rules), 45(f)(disobeying subpoena), 56(g)(providing affidavit in bad faith on summary judgment motion or for delay).

Federal Rule of Civil Procedure 11 was designed to deter pleadings that are "frivolous, legally unreasonable, or without factual foundation . . . ." *Napier v. Thirty or More Unidentified Federal Agents*, 855 F.2d 1080, 1090-91 (3d Cir. 1988) (internal quotations omitted). Under Rule 11(c), "the court may impose an appropriate sanction on any attorney, law firm, or party that violate[s] [r]ule [11(b)] or is responsible for the violation." Rule 11(b) states:

By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

   (1)  it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

   (2)  the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law;

   (3)  the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

   (4)  the denials of factual contentions are warranted on the evidence, or if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

"Rule 11 imposes a non-delegable duty upon the signing attorney to conduct his own independent analysis of the facts and law which forms the basis of a pleading or motion." *Garr v. U.S. Healthcare, Inc.*, 22 F.3d 1274, 1277 (3d Cir. 1994) (internal quotation marks and citation omitted). The rule "provides that attorneys may be sanctioned if they, among other things, fail to make a reasonable inquiry into the legal legitimacy of the pleading." *Ario v. Underwriting Members of Syndicate 53 at Lloyds*, 618 F.3d 277, 297 (3d Cir. 2010) (*quoting Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994)) (citation omitted). When evaluating conduct allegedly violative of Rule 11, "a district court must determine whether the attorney's conduct was objectively reasonable under the circumstances." *Ario*, 618 F.3d at 297. The Third Circuit defines reasonableness as the "'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact." *Ford Motor Co. v. Summit Motor Products, Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (*quoting Jones v. Pittsburgh Nat. Corp*., 899 F.2d 1350, 1359 (3d Cir. 1990)). Significantly, the moving party is not required to make a showing of bad faith. *Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir. 1995).

The Third Circuit has cautioned that the court should impose sanctions only "in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (*quoting Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir. 1987)); *see also Morristown Daily Record, Inc. v. Graphic Comm's Union Local 8N*, 832 F.2d 31, 32 n.1 (3d Cir. 1987) ("Rule 11 is not to be used routinely when the parties disagree about the correct resolution of a matter in litigation"). Furthermore, even in those "exceptional circumstances" the court may, but is not required to impose sanctions. *Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994) (*citing Doering*, 857 F.2d at 194).

### IV. **ANALYSIS**

Defendants' motion for sanctions concerns the propriety of Plaintiff's class action claims, failure to withdraw or dismiss those claims earlier, and discovery delays. Plaintiff opposes the motion arguing that its counsel reasonably relied upon on representations from another, that some discovery delays in the prosecution occurred due to the turnover of attorney personnel, and that defendants have unclean hands by causing their own discovery delays. Plaintiff's prosecution of this litigation

5

has been far from ideal, [see D.E. 34-3, Costa Declaration] whatever the reasons, but has not degenerated to the level warranting the imposition of sanctions. Turnovers within counsels' firm are certainly not within the best interests of the Court or any client, but are hardly cause for sanctions. This is especially so because defendants' motion only concerns the class claims which have been dismissed though the individual claims remain viable. This is not the exceptional case which warrants sanctions.

### V. CONCLUSION

For the foregoing reasons, the Court declines to impose sanctions and denies defendants' motion.

IT IS on this 2nd day of August, 2013

**ORDERED** that Defendants' motion for sanctions is DENIED.

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

8/8/2013 3:55:15 PM